IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-_____

ANDRE HAMID, on behalf of himself and all similarly situated persons,

     Plaintiff,

v.

CARTER BROTHERS SECURITY SERVICES, LLC, a Florida limited liability company,

     Defendant

---

## CLASS ACTION COMPLAINT

---

     Plaintiff Andre Hamid, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this Class Action Complaint against Carter Brothers Security Services, LLC, a Florida limited liability company ("Carter Brothers").

### <u>STATEMENT OF THE CASE</u>

     1.    The federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (the "FLSA"), the Colorado Wage Claim Act, § 8-4-101, *et seq.* (the "Wage Claim Act"), and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Act") contain various rules regarding employee wages and working hours. Carter Brothers has violated these laws by misclassifying employees as independent contractors and failing to pay these employees premium pay for all overtime hours worked. This action seeks to recover damages and backpay to compensate all current and former employees of

1

Carter Brothers for these wage violations.

## PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff, a former employee of Carter Brothers, is an individual and resident of the State of Colorado.

3.      Defendant Carter Brothers Security Services, LLC is a limited liability company organized under the laws of the State of Florida with its place of business located at 100 Hartsfield Centre Parkway, Suite 200, Atlanta, Georgia 30354.  At all times relevant to this action, Defendant has been located in and has conducted business in the State of Colorado.

4.      This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331.  Venue is proper under 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

5.      The FLSA, Minimum Wage and Wage Claim Acts require employees to be compensated at their "regular rate of pay" for all time worked.  Moreover, state and federal law require employees to be compensated at "time and one-half" their regular rate of pay for all overtime hours worked.

6.      Carter Brothers provides security system installation services on a contract basis to companies in various states.  Plaintiff worked in Colorado for Carter Brothers as a "Lead Technician" installing security systems for the AT&T Digital Life program.

7.      Although Plaintiff was required to work more than forty (40) hours per workweek, and did so frequently, Plaintiff was not compensated at the mandated time and one-half rate for overtime hours.  Instead, Plaintiff was paid a flat hourly rate for all hours worked,

regardless of how many hours he actually worked.  That is, Carter Brothers paid Plaintiff straight time for overtime.

8.      Carter Brothers refused to pay overtime to Plaintiff because it classified him as an independent contractor rather than an employee.  In reality, however, Plaintiff was an employee and, therefore, was entitled to overtime premium pay.

9.      Carter Brothers classified Plaintiff and other employees as independent contractors to avoid its obligations to pay employees the overtime premium as well as to reap other benefits of such illegal classification such as reduce tax liability, avoid paying workers' compensation insurance, and other forms of insurance and to pass on Carter Brothers' operations costs to its work force.

10.     Among other things, the following conduct demonstrates that Carter Brothers acted as Plaintiff's employer:

    a.      Carter Brothers required Plaintiff to stay at the Carter Brothers office during regular business hours waiting for installation jobs.

    b.      Carter Brothers required Plaintiff to turn in the hours he worked once a week just like normal hourly-paid employees.

    c.      Carter Brothers directed Plaintiff as to when, where and how to perform installation jobs.

    d.      Carter Brothers provided intensive training and instructed Plaintiff precisely how to perform his work.

    e.      Carter Brothers required Plaintiff to spend so much time waiting for jobs

and or performing installations that, as a practical matter, he was prevented from working for any other company.

f.     Carter Brothers controlled the amount of hours Plaintiff worked.

g.     Carter Brothers dictated the locations at which Plaintiff worked.

h.     Plaintiff's services were integrated into Carter Brothers' operations.

i.     Plaintiff was required to perform his work in an order set by Carter Brothers.

j.     Carter Brothers had detailed procedures Plaintiff was required to follow when performing his jobs.

k.     Carter Brothers required Plaintiff to attend company meetings.

l.     Carter Brothers maintained the right to discharge Plaintiff at will.

m.    Carter Brothers provided Plaintiff with a uniform, vehicle, gas and all equipment and consumables necessary to perform installations.

n.     Carter Brothers closely supervised and checked Plaintiff's work.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

11.    Plaintiff brings this action as a FED. R. CIV. P. 23 class action, on behalf of himself and on behalf of a Class for which Plaintiff seeks certification.  Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

ALL CURRENT OR FORMER CARTER BROTHERS
EMPLOYEES WHO WERE NOT COMPENSATED PROPERLY
FOR ALL OVERTIME HOURS WORKED

12.    This action is properly brought as a class action for the following reasons:

4

a.  The Class is so numerous that joinder of all Class Members is impracticable.

b.  Numerous questions of law and fact regarding the liability of Carter Brothers are common to the Class and predominate over any individual issues which may exist.

c.  The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Carter Brothers' own records.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

d.  Plaintiff will fairly and adequately protect the interests of Class Members.  The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff.  Furthermore, Plaintiff is represented by experienced class action counsel.

e.  The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Carter Brothers.

f.  The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the

adjudications or substantially impair or impede their ability to protect their interests.

g.   Carter Brothers acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

13.   For the foregoing reasons, Plaintiff also seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members.  Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Carter Brother's common practice, policy or plan regarding employee wages and hours.

### FIRST CLAIM FOR RELIEF
**(Violation of the Colorado Wage Claim Act, § 8-4-101, *et seq*.)**

14.   Plaintiff incorporates by reference all of the above paragraphs.

15.   At all relevant times, Carter Brothers has been, and continues to be, an "employer" within the meaning of the Colorado Wage Claim Act.  At all relevant times, Carter Brothers has employed, and/or continues to employ, "employees", including Plaintiff, within the meaning of the Wage Claim Act.

16.   Plaintiff was an employee of Carter Brothers within the meaning of the Wage Claim Act from April 2013 through September 2013.

17.   As a result of the foregoing conduct, as alleged, Carter Brothers has failed to pay wages due under the Wage Claim Act, Minimum Wage Act and FLSA thereby violating, and

continuing to violate, the Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

18. As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on behalf of himself and all Class Members in an amount sufficient to provide compensation for all overtime hours worked that were not compensated properly. Such payment should be made care of undersigned counsel at the listed address.

## SECOND CLAIM FOR RELIEF
### (Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)

19. Plaintiff incorporates by reference all of the above paragraphs.

20. At all relevant times, Carter Brothers has been, and continues to be, an "employer" within the meaning of the FLSA. Carter Brothers is an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA. At all relevant times, Carter Brothers has had gross volume of sales in excess of $500,000. At all relevant times, Carter Brothers has employed, and/or continues to employ, non-exempt "employees," including Plaintiff. Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216(b).

21. Plaintiff was an employee of Carter Brothers within the meaning of the FLSA from April 2013 through September 2013.

22. While employed by Carter Brothers, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

23. As a result of the foregoing conduct, as alleged, Carter Brothers has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq*. These violations were committed

knowingly, willfully and with reckless disregard of applicable law.

24.     As a result, Plaintiff has been damaged in an amount to be determined at trial.

### JURY DEMAND

25.     Plaintiff demands a trial by jury as to all issues so triable.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of himself and Class Members and against Carter Brothers as follows:

1.     Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2.     Ordering prompt notice of this litigation to all potential Class Members;

3.     Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

4.     Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

5.     Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

6.     Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law; and

7.     Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 26th day of December, 2013.

*s/Brian D. Gonzales*

_____

Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
123 North College Avenue, Suite 200
Fort Collins, Colorado  80524
Telephone: (970) 212-4665
Facsimile: (303) 539-9812
BGonzales@ColoradoWageLaw.com

*Counsel for Plaintiff*

9