IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-03494-MSK-KMT

ANDRE HAMID, on behalf of himself and all similarly situated persons,

 Plaintiff,

v.

CARTER BROTHERS SECURITY SERVICES, LLC, a Florida limited liability company, and
AT&T DIGITAL LIFE, INC., a New York corporation,

 Defendants

---

## FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

---

 Plaintiff Andre Hamid, by and through undersigned counsel, individually and on behalf

of all others similarly situated, files this Class Action Complaint against Carter Brothers Security

Services, LLC, a Florida limited liability company ("Carter Brothers") and AT&T Digital Life,

Inc. ("AT&T").

### STATEMENT OF THE CASE

 1. The federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., (the "FLSA") and

analogous state wage laws contain various rules regarding employee wages and working hours.

Carter Brothers and AT&T violated these laws by: 1) misclassifying employees as independent

contractors and failing to pay these employees premium pay for all overtime hours worked;

2) failing to compensate misclassified employees for all straight time hours worked; and

3) failing to compensate misclassified employees for certain training and business expenses.

This action seeks to recover damages and backpay to compensate all current and former employees of Carter Brothers and AT&T for these wage violations.

## PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff, a former employee of Carter Brothers and AT&T, is an individual and resident of the State of Colorado.

3.      Defendant Carter Brothers Security Services, LLC is a limited liability company organized under the laws of the State of Florida with its place of business located at 100 Hartsfield Centre Parkway, Suite 200, Atlanta, Georgia 30354.  At all times relevant to this action, Carter Brothers has been located in and has conducted business in the State of Colorado.

4.      Defendant AT&T Digital Life, Inc. is a corporation organized under the laws of the State of New York with its place of business located at 1025 Lenox Park Boulevard, Suite D593, Atlanta, Georgia 30319.  At all times relevant to this action, AT&T has been located in and has conducted business in the State of Colorado.

5.      This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.  Venue is proper under 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

6.      The FLSA and analogous state wage and hour laws require employees to be compensated at their "regular rate of pay" for all time worked.  Moreover, state and federal law require employees to be compensated at "time and one-half" their regular rate of pay for all overtime hours worked.

7.      AT&T's Digital Life is a home security and automation system.  AT&T

contracted with Carter Brothers to install the Digital Life system in homes located in various states.  Plaintiff worked in Colorado for Carter Brothers as a "Lead Technician" installing Digital Life systems.

8.      Although Plaintiff initially was hired by Carter Brothers, AT&T and Carter Brothers were joint employers of Plaintiff in that AT&T, among other things, had the power to: 1) direct, control, and supervise Plaintiff and his work; 2) hire or fire Plaintiff; and 3) control Plaintiff's employment conditions and pay rates.

9.      Although Plaintiff was required to work more than forty (40) hours per workweek, and did so frequently, Plaintiff was not compensated at the mandated time and one-half rate for overtime hours.  Instead, Plaintiff was paid a flat hourly rate, regardless of how many hours he actually worked.  That is, Carter Brothers and AT&T paid Plaintiff straight time for overtime.

10.     Carter Brothers and AT&T refused to pay overtime to Plaintiff because they classified him as an independent contractor rather than an employee.  In reality, however, Plaintiff was an employee and, therefore, was entitled to overtime premium pay.

11.     Carter Brothers and AT&T classified Plaintiff and other employees as independent contractors to avoid their obligations to pay employees the overtime premium as well as to reap other benefits of such illegal classification such as reduce tax liability, avoid paying workers' compensation insurance, and other forms of insurance and to pass on Carter Brothers' and AT&T's operations costs to their work force.

12.     Among other things, the following facts demonstrate that Carter Brothers and

AT&T acted as Plaintiff's employers:

    a.    Carter Brothers/AT&T required Plaintiff to stay at the office during regular business hours waiting for installation jobs.

    b.    Carter Brothers/AT&T required Plaintiff to turn in the hours he worked once a week just like normal hourly-paid employees.

    c.    Carter Brothers/AT&T directed Plaintiff as to when, where and how to perform installation jobs.

    d.    Carter Brothers/AT&T provided intensive training and instructed Plaintiff precisely how to perform his work.

    e.    Carter Brothers/AT&T required Plaintiff to spend so much time waiting for jobs and or performing installations that, as a practical matter, he was prevented from working for any other company.

    f.    Carter Brothers/AT&T controlled the amount of hours Plaintiff worked.

    g.    Carter Brothers/AT&T dictated the locations at which Plaintiff worked.

    h.    Plaintiff's services were integrated into Carter Brothers' and AT&T's operations.

    i.    Plaintiff was required to perform his work in an order set by Carter Brothers/AT&T.

    j.    Carter Brothers/AT&T had detailed procedures Plaintiff was required to follow when performing his jobs.

    k.    Carter Brothers/AT&T required Plaintiff to attend company meetings.

l.      Carter Brothers/AT&T maintained the right to discharge Plaintiff at will.

m.     Carter Brothers/AT&T provided Plaintiff with a uniform, vehicle, gas and equipment and consumables necessary to perform installations.

n.     Carter Brothers/AT&T closely supervised and checked Plaintiff's work.

13.     In addition to the failure to pay overtime premium pay, Carter Brothers/AT&T also failed to pay Plaintiff and other employees properly for all straight time hours worked.  For example, Plaintiff was not compensated properly for training and travel time and was not reimbursed for certain expenses.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action as a FED. R. CIV. P. 23 class action, on behalf of himself and on behalf of a Class for which Plaintiff seeks certification.  Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

ALL CURRENT OR FORMER CARTER BROTHERS/AT&T
EMPLOYEES WHO WERE NOT COMPENSATED PROPERLY
FOR ALL REGULAR AND/OR OVERTIME HOURS WORKED

15.     This action is properly brought as a class action for the following reasons:

a.     The Class is so numerous that joinder of all Class Members is impracticable.  Plaintiff is informed and believes that the number of Class Members exceeds five-hundred.

b.     Numerous questions of law and fact regarding the liability of Carter Brothers and AT&T are common to the Class and predominate over any individual issues which may exist.  Among

the common questions are: 1) whether Carter Brothers and AT&T
are joint employers; 2) whether Plaintiff and other employees were
properly classified as independent contractors; and 3) whether
Plaintiff and other employees were compensated properly for their
straight and overtime hours.

c.    The claims asserted by Plaintiff are typical of the claims of Class
Members and the Class is readily ascertainable from Carter
Brothers' and AT&T's own records.  A class action is superior to
other available methods for the fair and efficient adjudication of
this controversy.

d.    Plaintiff will fairly and adequately protect the interests of Class
Members.  The interests of Class Members are coincident with,
and not antagonistic to, those of Plaintiff.  Furthermore, Plaintiff is
represented by experienced class action counsel.

e.    The prosecution of separate actions by individual Class Members
would create a risk of inconsistent or varying adjudications with
respect to individual Class Members which would establish
incompatible standards of conduct for Carter Brothers and AT&T.

f.    The prosecution of separate actions by individual Class Members
would create a risk of adjudications with respect to individual
Class Members which would, as a practical matter, be dispositive

of the interests of the other Class Members not parties to the

adjudications or substantially impair or impede their ability to

protect their interests.

g.      Carter Brothers and AT&T acted on grounds generally applicable

to the Class, thereby making appropriate final injunctive relief with

respect to the Class as a whole.

16.     For the foregoing reasons, Plaintiff also seeks certification of a nationwide FLSA

"opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff

because his claims are nearly identical to those of other Class Members.  Plaintiff and Class

Members are similarly situated, have substantially similar or identical job requirements and pay

provisions, and were subject to Carter Brother's and AT&T's common practice, policy or plan

regarding employee wages and hours.

**FIRST CLAIM FOR RELIEF**
**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.)**

17.     Plaintiff incorporates by reference all of the above paragraphs.

18.     At all relevant times, Carter Brothers and AT&T each have been, and continue to

be, "employers" within the meaning of the FLSA.

19.     Carter Brothers and AT&T each is an enterprise engaged in interstate

"commerce" and/or in the production of "goods" for "commerce" within the meaning of the

FLSA.

20.     At all relevant times, Carter Brothers and AT&T each have had gross volume of

sales in excess of $500,000.

21.    At all relevant times, Carter Brothers and AT&T each have employed, and continue to employ, non-exempt "employees," including Plaintiff.  Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216(b).

22.    Plaintiff was an employee of Carter Brothers and AT&T within the meaning of the FLSA from April 2013 through September 2013.

23.    While employed by Carter Brothers and AT&T, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

24.    As a result of the foregoing conduct, as alleged, Carter Brothers and AT&T have violated, and continue to violate, the FLSA, 29 U.S.C. § 201, *et seq.*  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

25.    As a result, Plaintiff has been damaged in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**
**(Violation of the Colorado Wage Claim Act, § 8-4-101, *et seq*.)**

26.    Plaintiff incorporates by reference all of the above paragraphs.

27.    At all relevant times, Carter Brothers and AT&T have been, and continue to be, "employers" within the meaning of the Colorado Wage Claim Act.

28.    At all relevant times, Carter Brothers and AT&T each have employed, and continue to employ, "employees", including Plaintiff, within the meaning of the Wage Claim Act.

29.    As a result of the foregoing conduct, as alleged, Carter Brothers and AT&T have failed to pay wages due under the Wage Claim Act, the FLSA and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.,* as implemented by the Colorado Minimum Wage Order, thereby

8

violating, and continuing to violate, the Wage Claim Act.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

30.     As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.  Plaintiff hereby demands payment on behalf of himself and all Class Members in an amount sufficient to provide proper compensation for all hours worked.  Such payment should be made care of undersigned counsel at the listed address.

### THIRD CLAIM FOR RELIEF
### (Violation of Certain State Overtime/Minimum Wage Laws)

31.     Plaintiff incorporates by reference all of the above paragraphs.

32.     The conduct alleged above also constitutes a violation of the laws of certain states with overtime/minimum wage laws analogous to the FLSA.  The states with such laws in which Carter Brothers and AT&T operated and engaged in the conduct described above include, but are not limited to, Illinois, California, Florida, Washington, Pennsylvania, New York and New Jersey.

33.     Therefore, in these states, and as a result of the foregoing conduct, as alleged, Carter Brothers and AT&T have failed to pay wages due under applicable state law.

34.     As a result, Class Members have been damaged in an amount to be determined at trial.

### JURY DEMAND

35.     Plaintiff demands a trial by jury as to all issues so triable.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of

himself and Class Members and against Carter Brothers and AT&T as follows:

1.      Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2.      Ordering prompt notice of this litigation to all potential Class Members;

3.      Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

4.      Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

5.      Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

6.      Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law; and

7.      Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 5th day of March, 2014.

*s/Brian D. Gonzales*

_____

Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
123 North College Avenue, Suite 200
Fort Collins, Colorado  80524
Telephone: (970) 212-4665
Facsimile: (303) 539-9812
BGonzales@ColoradoWageLaw.com

*Counsel for Plaintiff*